IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03595-NYW

MARLENE GRAVES,

    Plaintiff,

v.

LAWRENCE WIRTA,

    Defendant.

---

### ORDER ON MOTION TO CONTINUE TRIAL

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff's Renewed Opposed Motion to Continue Trial and to Amend the Scheduling Order (the "Motion" or "Motion to Continue") [Doc. 23]. The court fully presides over this matter pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated January 25, 2021. [Doc. 9]. Upon review of the Motion, the applicable case law, and the entire docket, the Motion to Continue is hereby **GRANTED** insofar as it seeks to continue the trial and **DENIED without prejudice** to the extent it seeks to reopen discovery and amend the Scheduling Order.

### BACKGROUND

Plaintiff Marlene Graves ("Plaintiff" or "Ms. Graves") initiated this civil action on December 8, 2020 against Defendant Lawrence Wirta ("Defendant" or "Mr. Wirta"). [Doc. 1]. This case arises out of a motor vehicle collision occurring on or about December 14, 2017 involving both Ms. Graves and Mr. Wirta. [*Id.* at ¶ 16]. More specifically, Plaintiff alleges that Mr. Wirta negligently operated his vehicle while driving on Colorado Boulevard, causing his vehicle to collide into the back of a Honda Accord. [*Id.* at ¶ 18]. The Honda Accord was, as a

result, pushed into a Chevrolet Trailblazer, which in turn struck Plaintiff's vehicle. [*Id.*]. Plaintiff's vehicle was then pushed into a Subaru Outback. [*Id.*]. Ms. Graves alleges that as a result of this collision, she has suffered damages including, but not limited to, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, and the loss of enjoyment of life. [*Id.* at ¶ 19]. Ms. Graves asserts one claim of negligence and one claim of negligence per se against Mr. Wirta. [*Id.* at 3].

This court held a Scheduling Conference and entered the Scheduling Order on February 11, 2021. [Doc. 11; Doc. 12]. The court set deadlines for affirmative and rebuttal expert designations for July 16, 2021 and August 6, 2021, respectively. [Doc. 12 at 7]. Furthermore, the court set the discovery deadline for August 30, 2021 and the dispositive motion deadline for September 10, 2021. [Doc. 12 at 6]. Aside from one motion for a one-month extension of time to submit expert designations, *see* [Doc. 13], the Parties did not seek any relief from these deadlines. The dispositive motions deadline passed without either Party filing a dispositive motion in this matter.

This court held the Final Pretrial Conference on November 3, 2021. [Doc. 17]. At the Final Pretrial Conference, the Parties—namely, defense counsel—represented that discovery in this case was not complete, despite the expiration of the discovery deadline. *See* [*id.*]; *see also* [Doc. 19 at 11-12 (Defendant representing in the Final Pretrial Order that discovery was incomplete)]. The court noted that discovery had closed on August 30, 2021 and informed the Parties that to the extent they sought to reopen discovery, a formal motion would be required. [Doc. 17 at 1; Doc. 19 at 12]. Thereafter, this court entered the Trial Preparation Order on November 8, 2021, setting trial to commence on June 13, 2022. [Doc. 20]. In the Trial Preparation Order, the court set a deadline for motions in limine for April 15, 2022. [Doc. 20 at 4]. No motions

in limine were filed by this deadline.

Indeed, nothing was filed on the court's formal docket from the entry of the Trial Preparation Order until April 18, 2022, when Plaintiff filed an Opposed Motion to Continue and to Amend the Scheduling Order (the "First Motion to Continue"). [Doc. 21]. Plaintiff sought a continuance of the trial "in order to complete her scheduled [medical] treatment and to seek neuropsychological treatment which has been recently recommended for her." [Doc. 21 at ¶ 3]. Specifically, Ms. Graves stated that her ongoing health issues caused by the subject collision— namely, decreased mental stamina and comprehension of trial details—may interfere with her ability to fully participate in the trial and maintained that she "would benefit from a continuance of trial, in order for her to provide the best participation possible." [*Id.* at ¶¶ 7, 11]. Plaintiff requested that the trial be reset but failed to indicate how long of a continuance she sought. *See generally* [*id.*]. In addition, Plaintiff requested that the expert disclosure and discovery deadlines be reset, [*id.* at 4], but failed to provide any basis for reopening discovery or explain the extent of the requested additional discovery. *See* [*id.*].

This court denied the First Motion to Continue on April 19, 2022, noting the lack of any activity on the docket during the six months between the Final Pretrial Conference and the First Motion to Continue, despite the court's prior admonishment about discovery in this case. [Doc. 22]. The court further highlighted that Plaintiff failed to address (1) why additional expert disclosures and discovery are necessary in this case, and what additional experts and/or discovery Plaintiff intends to seek or produce; (2) whether good cause exists under Rule 16(b) to amend the Scheduling Order; (3) whether good cause exists to extend case deadlines under Rule 6(b); or (4) the standard for reopening discovery. [*Id.*]. In light of the upcoming trial, the court granted Plaintiff leave to file a renewed motion no later than April 22, 2022, and ordered that in any

3

renewed motion, Plaintiff should address the relevant legal standards and set forth specific legal arguments for her request. [*Id.*]. The court ordered Defendant to respond to the renewed motion no later than April 29, 2022, and permitted Plaintiff leave to file a reply on or before May 4, 2022. [*Id.*].

Plaintiff filed the renewed Motion to Continue on April 21, 2022. [Doc. 23]. Ms. Graves requests that the trial be continued until early 2023; that the affirmative and rebuttal expert deadlines be re-set to August 1, 2022 and August 22, 2022, respectively; that the discovery deadline be extended to September 19, 2022; and that the Rule 702 motions deadline be reset to October 3, 2022. [*Id.* at 11]. Despite Plaintiff's representation that the Motion is opposed, [Doc. 23 1], and despite this court's express order directing Defendant to respond to the Motion no later than April 29, 2022, [Doc. 22], Defendant did not respond to the Motion. As a result, this court set a Telephonic Status Conference to discuss the Motion to Continue for May 4, 2022, again permitting Defendant leave to file a written response to the Motion to Continue by close of business on May 3, 2022, and ordered that no replies would be permitted absent leave of court. [Doc. 24]. No such written response to the Motion was filed. The court convened for the Status Conference on May 4, 2022. Defendant indicated that he declined to file a formal response to the Motion because he did not find anything to which to specifically respond, but did not challenge Plaintiff's representations of her medical condition. Instead, Defendant suggested that he wished to proceed to trial on June 13, 2022 so that this matter could be finally resolved, and that costs associated with litigation could conclude. After argument from both Parties, the court took the Motion to Continue under advisement. [Doc. 25].

## ANALYSIS

I.      **Plaintiff's Request to Continue the Trial**

Whether to continue a trial is within the sound discretion of the trial court. *United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019). The Tenth Circuit has identified four factors that must be examined to determine whether a trial should be continued: (1) the diligence of the party requesting the continuance; (2) the likelihood that a continuance would accomplish the expressed purpose of the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court, if any, that would result from the continuance; and (4) the need asserted for the continuance and the harm that the movant might suffer as a result of a denial of the continuance. *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990). "No single factor is determinative and the weight given to any one may vary depending on the extent of the [movant's] showing on the others." *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

***The Need for the Continuance and the Potential Harm to Plaintiff***. The court addresses the fourth factor first, as it is the most significant to the court's determination of whether to continue the trial. *See id.* at 1471 (explaining that the "most important factor" is the movant's need for a continuance and the potential prejudice resulting from a denial of a continuance). Ms. Graves asserts that she continues to experience cognitive deficits as a result of the subject vehicle collision. [Doc. 23 at 1]. While she has shown some improvement over time, Dr. Joanna Carter, an optometrist, has opined that Plaintiff "shows only a 60% improvement in her tolerance of busy environments." [*Id.* at 2 (citing [Doc. 23-1 at 1])]. In addition, Ms. Noelle Mitchell, a speech-language pathologist, has opined that Plaintiff "has ongoing problems with fluid reasoning, cognitive efficiency, [and] short-term working memory," and is experiencing "conation." [*Id.* at

2 (citing [Doc. 23-2 at 2-4])].[1]  Plaintiff represents that her providers have recommended that she undergo a full neuropsychological examination to evaluate her ongoing health issues and to assess her executive functions.  [*Id.*].

Ms. Graves argues that "forcing her to go to trial before she has completed the neurophysiological treatment and testing" would "deprive her of the ability to fully and effectively prepare for and participate in her trial."  [*Id.* at 6].[2]  In support of her argument, she submits two letters from her medical providers wherein each opines that Ms. Graves is not medically able to participate in trial or that her participation in trial at this juncture would cause her harm.  Specifically, Ms. Mitchell states that Ms. Graves "requires frequent breaks and rest in order to accommodate [her] reduced cognitive stamina" and is "unable to sit through long proceedings."  [Doc. 23-4].  She opines that if Ms. Graves is required to participate in trial, "she will likely experience an exacerbation of cognitive and physical symptoms that will be detrimental to her continued recovery."  [*Id.*].  Further, Dr. Carter states that Ms. Graves "still experiences visual overwhelm in busy environments (60% improved), difficulty with reading comprehension (60% improved), and eye pain/headache with prolonged writing or concentration."  [*Id.* at 2].  Dr. Carter "request[s] a continuance of [the] trial until [Plaintiff] is better-able to endure four days of concentration and prolonged visual attention."  [*Id.*].

Accepting her representations of her current medical condition, this court concludes that

---

[1] Ms. Mitchell defines conation as "decreased cognitive stamina and [an] inability to efficiently execute high-level cognitive processes and expend intellectual energy over time."  [Doc. 23-2 at 5].

[2] Plaintiff also argues that denial of a continuance "would deprive her of the opportunity to assert the full measure of her claims for damages at trial."  [Doc. 23 at 6].  In light of the court's below ruling on the Motion insofar as it seeks to reopen discovery, and because the court finds Plaintiff's current medical condition dispositive to the issues before the court, the court declines to address this argument.

Ms. Graves has sufficiently established that the need for a continuance of the trial is compelling. She represents that due to her cognitive deficiencies, which include difficulties in reading comprehension, the inability to sit through long proceedings, and eye pain and headaches with prolonged concentration, she is presently unable to meaningfully participate in a trial. [Doc. 23 at 5]. The court notes that Plaintiff is expected to testify in person at trial, *see* [Doc. 19 at 3], and while it is presently unclear how long the Parties anticipate that she will testify, the court finds it likely that her testimony will last several hours and will require Plaintiff to maintain concentration for significant periods of time. In addition, the very nature of trial will require Plaintiff, as any party to a trial, to maintain concentration, read and review exhibits, and consult and strategize with her attorneys about the presentation of her case. The court finds that the purpose for which Plaintiff requests a continuance—to ensure that she is medically able to meaningfully participate in trial— weighs in favor of a continuance. *Cf. Montoya v. Newman*, No. 12-cv-02362-REB-KLM, 2015 WL 3960913, at *2 (D. Colo. June 29, 2015) (where counsel's physical impairments would hinder his ability to participate in the trial, finding this factor weighed in favor of a continuance, but ultimately denying motion to continue).

Moreover, Plaintiff's providers state that Ms. Graves may suffer health-related harm if the trial is not continued. Ms. Mitchell represents that if Ms. Graves is required to participate in the trial at this juncture, she will "likely experience an exacerbation of cognitive and physical symptoms that will be detrimental to her continued recovery." [Doc. 23-4 at 1]. While the court notes that neither Plaintiff nor her medical providers provide any information as to when Plaintiff may be able to participate in a trial without hindering her recovery, at this juncture, the court nevertheless concludes that Plaintiff may be harmed if trial were to proceed on June 13. This factor thus weighs in favor of continuing the trial.

***The Likelihood that a Continuance Will Serve the Purpose of Plaintiff's Request***. Plaintiff argues that a continuance would accomplish the purpose underlying Plaintiff's request because it will "ensure that she will be able to fully and effectively prepare for and participate in [the] trial." [Dc. 23 at 5]. While the court understands this argument, the court again emphasizes that Plaintiff has not submitted any information as to whether, or when, she expects to be able to effectively participate in trial, *see* [Doc. 23], despite this court's order that Plaintiff should, in any renewed motion, provide "the timeframe in which she expects to be medically capable of participating in a trial in this matter." *See* [Doc. 22]. Such a significant omission hinders this court's ability to fully consider the propriety of a limited continuance, which may cut against granting a continuance in these circumstances. *See Johnson v. Potter*, 364 F. App'x 159, 163 (5th Cir. 2010) (affirming denial of continuance where plaintiff's letter from her medical provider "gave no indication when, if ever, [the plaintiff] would be available for trial"); *Clark v. Allen*, 139 F.3d 888 (Table), 1998 WL 110160, at *3 (4th Cir. 1998) (affirming denial of continuance where the "appellants did not show that [the defendant's] health would improve" and the court "had little assurance that he would be available to testify in the near future"). Nevertheless, despite the present uncertainty as to *when* Plaintiff may be medically able to participate in trial, the court concludes that this factor weighs in favor of a continuance, given the court's conclusion that Plaintiff's *present* condition renders her unable to meaningfully participate in a June trial. This factor thus weighs in favor of continuing the trial.

***Plaintiff's Diligence***. Next, Plaintiff argues that she acted diligently in requesting the continuance "within . . . days of learning of the situation giving rise to it, i.e. that she has started treatment with a neuropsychologist and will be undergoing full neurocognitive testing to better identify her cognitive injuries and identify future treatment." [Doc. 23 at 5]. But while Plaintiff's

8

providers have only recently recommended to her that she not participate in the trial, *see* [Doc. 23-4 at 1 (letter dated April 14, 2022); *id.* at 2 (letter dated April 4, 2022)], Ms. Graves does not assert that she only recently discovered her struggles with concentration or reading.  *See generally* [Doc. 23].  Indeed, she states that she has suffered from cognitive injuries since the 2017 collision, [*id.* at 1], but did not seek leave to continue the trial until just eight weeks prior to trial.  The court finds that this factor weighs against a continuance of the trial.  *Cf. Brown v. City of Fort Wayne*, No. 1:09-cv-150, 2012 WL 13171309, at *1 (N.D. Ind. June 1, 2012) (denying continuance where there did not appear to be a "sudden change" in the plaintiff's medical condition).

    ***The Inconvenience to Defendant, Witnesses, and the Court***.  Finally, the court must address whether a continuance of trial would inconvenience Mr. Wirta, Mr. Wirta's witnesses, or the court.  Defendant argued generally at the Status Conference that he will be inconvenienced by a continuance because he will continue to incur costs if a continuance is granted.  *See generally* [Doc. 25].  He did not identify any witnesses that would be inconvenienced by a continuance.  [*Id.*].

    In any event, any argument relating to inconvenience to Defendant or his witnesses was waived when Defendant failed to respond to the Motion to Continue.  *Martin for Estate of Martin v. Greisman*, 754 F. App'x 708, 712 (10th Cir. 2018) (an issue raised for the first time at a hearing is deemed waived); *Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument.").  With respect to any inconvenience to the court, the court notes that the Parties have not yet submitted witness or exhibit lists, jury instructions, or verdict forms, the trial has not previously been continued, and the Parties did not file any dispositive motions or motions under Rule 702.  Moreover, the court currently has an opening in its calendar to set the

9

trial for February 2023. Based on these circumstances, the court does not find that a continuance would cause any noticeable inconvenience at this juncture. The court finds that this factor weighs in favor of a continuance.

Based on the above analysis, the court finds it appropriate to vacate the June 13, 2022 trial and continue the trial to **February 27, 2023**. However, the court expressly advises Plaintiff that this Order <u>should not be construed as a suggestion or a conclusion that the trial will be continued until her health improves to the extent that she no longer experiences any of the aforementioned cognitive deficits or until she makes a full improvement</u>. *See Morris v. Sorenson*, No. MO:16-cv-0071-DC, 2019 WL 654542, at *5 (W.D. Tex. Feb. 12, 2019) ("The Court is not required to delay a case indefinitely for Plaintiff to be ready for trial."); *Watchous Enterprises, LLC v. Pac. Nat'l Cap.*, No. 16-1432-DDC, 2021 WL 2592882, at *3 (D. Kan. June 24, 2021) (denying motion to continue where the movant's health concerns were "conditions which will not improve over time"). The subject collision occurred over four years ago, and the case was filed in 2020; as such, the court is not inclined to grant any additional continuances of the trial, absent **<u>extraordinary</u>** circumstances. Accordingly, Plaintiff and her counsel should strongly consider whether, if Plaintiff continues to experience cognitive issues in February 2023, it would be appropriate for Plaintiff to seek leave of court for reasonable accommodations to the mechanics of the trial, such as additional breaks, visual aids, or other accommodations deemed necessary for Plaintiff's meaningful participation.

## II. Plaintiff's Request to Reopen Discovery

Next, Plaintiff requests that discovery be reopened and that the deadlines for expert disclosures, Rule 702 motions, and discovery be extended. [Doc. 23 at 8]. "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*,

834 F.2d 166, 169 (10th Cir. 1987). To determine whether discovery should be reopened, courts consider a number of factors, including (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order; (5) the foreseeability of any need for additional discovery; and (6) whether the requested discovery is likely to lead to relevant evidence. *Id.*

In addition, Rule 16(b)(4) of the Federal Rules of Civil Procedure requires the movant to demonstrate "good cause" for amending the discovery deadline set by the Scheduling Order, which requires a showing that the movant could not have met the deadlines despite her diligent efforts. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). This burden is satisfied, for example, when a party learns of new information through discovery or when the governing law has subsequently changed. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad.*, 194 F.R.D. at 687.

In support of her Motion, Plaintiff states that she "has physician recommendations for . . . neuropsychological treatment and testing" and "[t]he additional discovery that will be conducted regarding this neuropsychological treatment will lead to relevant evidence" because it will "provide information about the Plaintiff's cognitive state[] and her prognosis." [Doc. 23 at 10]. But despite this court's Order that Plaintiff must address "why additional expert disclosures and additional discovery are necessary in this case, and what additional experts and/or discovery she intends to seek or produce," [Doc. 22], Ms. Graves fails to fully articulate the specific additional

11

discovery she intends to produce or seek. *See generally* [Doc. 23]. Indeed, while Plaintiff states that she needs time to disclose "the neuropsychologist that she is currently seeing"—Dr. Douglas Col—as an expert in this matter, *see* [*id.* at 2, 7], she does not expressly indicate whether she seeks to reopen discovery only for the limited purpose of disclosing one additional expert, or whether she intends to disclose multiple additional experts and intends to propound additional written discovery. *See* [*id.* at 10 (stating only that "Plaintiff needs the reopening and extension of these deadlines to disclose relevant medical information and expert testimony that would accompany the additional medical information)]. With this in mind, the court considers the relevant factors below.

*Whether Trial is Imminent*. In this Order, the court has continued the trial to February 2023. "The fact that trial is no longer imminent," however, "does not necessarily warrant reopening discovery." *Carroll v. SAFECO Ins. Co. of Am.*, No. 20-cv-00219-REB-NYW, 2020 WL 7664731, at *5 (D. Colo. Dec. 24, 2020). But given that trial is now nine months away, trial is not imminent, and this factor thus weighs slightly in favor of Plaintiff's request. *Greer v. City of Wichita*, No. 16-1185-EFM, 2017 WL 3097876, at *2 (D. Kan. July 21, 2017) (concluding that trial was not imminent when it was "not set to begin for more than eight months"); *Carroll*, 2020 WL 7664731, at *5.

*Whether the Request is Opposed*. Despite Defendant's failure to formally oppose Plaintiff's Motion, Plaintiff represents that her request to reopen discovery is opposed. [Doc. 23 at 1]. This factor therefore weighs against reopening discovery. *Branch v. UPS*, No. 18-cv-03358-PAB-KLM, 2021 WL 4820540, at *2 (D. Colo. Oct. 14, 2021).

*Whether Reopening Discovery Would Prejudice Defendant*. Ms. Graves does not contend that Mr. Wirta will not be prejudiced if the court were to reopen discovery; rather, she

12

argues that "[a]ny inconvenience or prejudice that may be caused to Defendant by an extension of the deadlines as requested pales in comparison to, and would be substantially outweighed by, the harsh and unnecessary result that the Plaintiff would endure if this Motion is denied." [Doc. 23 at 10]. As explained in this Order, Defendant did not respond to the Motion and, as a result, the court is presently unable to conclude whether—and if so, to what extent—he would be prejudiced if the court were to reopen discovery in this case. The court notes that at the Final Pretrial Conference, it was *Defendant* who raised concerns about outstanding discovery. *See* [Doc. 19 at 11-12]. But regardless, while it is not the court's duty to raise arguments on behalf of Defendant, *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016), the court acknowledges that Defendant may be prejudiced if discovery were reopened at this juncture. Given Plaintiff's indication that she intends to disclose at least one additional expert witness if the court reopens discovery, this expert may need to be deposed, which would likely result in additional fees incurred by Defendant. *See Quintana v. Edmond*, No. 06-cv-01187-WDM-KLM, 2009 WL 1798219, at *2 (D. Colo. June 23, 2009) ("There can be no doubt that allowing Plaintiff to take additional discovery requires Defendants to incur additional and unanticipated expenses, even if just limited to interviews, and will impact their ability to prepare for trial."). Accordingly, the court finds that this factor weighs against reopening discovery, though only slightly, given Defendant's failure to identify the prejudice he is likely to face.

***Whether Plaintiff Has Been Diligent in Pursuing Discovery***. Plaintiff offers no argument as to whether she acted diligently in obtaining discovery prior to the August 30, 2021 discovery deadline. *See generally* [Doc. 23]. In the context of her request to continue the trial, Ms. Graves states: "The parties have been diligent in conducting the case thus far. Plaintiff has been diligent in disclosing updated evidence." [*Id.* at 6]. But aside from these two sentences, Ms. Graves does

13

not raise any argument explaining her diligence in pursuing discovery in this matter. *See* [*id.*].

The court acknowledges Plaintiff's representation that she "filed this Motion within . . . days of learning of the situation giving rise to it, i.e., that she has started treatment with a neuropsychologist and will be undergoing full neurocognitive testing to better identify her cognitive injuries and identify future treatment." [*Id.* at 5]. However, the court respectfully finds that this assertion is contradicted by other statements made within the Motion. For example, Plaintiff states that on July 31, 2021, Defendant's expert witness "indicate[d] that a forensic neuropsychological evaluation of Ms. Graves would be prudent to better evaluate her ongoing health issues." [*Id.* at 2]. Additionally, Ms. Mitchell recommended that Plaintiff "should undergo full neuropsychological examination to assess higher level executive functions" in November 2021. [*Id.* (citing [Doc. 23-2 at 6])]. Plaintiff asserts that "[d]ue to concerns with the COVID-19 pandemic, Plaintiff has delayed seeking this treatment," but that she now "feel[s] comfortable attending medical appointments with this neuropsychologist" and had her first neuropsychological appointment on April 15, 2022. [*Id.*].

While it is unclear when Plaintiff definitively decided to seek this neuropsychological treatment, in the court's view, it appears that Plaintiff has known about the recommendation for neuropsychological treatment, and the possibility that she might seek this treatment, for some time. But Plaintiff offers no explanation as to why she did not seek to amend the Scheduling Order and request that discovery be reopened in 2021, when she received the above insight, which cuts against a finding of diligence here. *Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-cv-02080-REB-KLM, 2010 WL 4823056, at *6 (D. Colo. Nov. 15, 2010) (finding that the plaintiff lacked diligence where he failed to explain why he waited four months to file motion to reopen discovery). And even if Plaintiff just recently decided to undergo neuropsychological treatment,

the court is nevertheless not convinced that Plaintiff's decision to seek additional treatment just weeks prior to trial is sufficient to overcome what appears to be an overall lack of diligence. "Plaintiff has clearly had a number of ongoing health issues throughout this litigation, but these delays are substantial and on the whole, the Court cannot conclude that the Plaintiff has acted with the requisite diligence." *Branch*, 2021 WL 4820540, at *3. The court finds that this factor weighs against reopening discovery.

*__The Foreseeability of the Need for Additional Discovery__*.  For similar reasons, the court cannot conclude that the fifth factor weighs in favor of reopening discovery. Ms. Graves asserts no argument concerning whether the additional requested discovery was foreseeable. *See generally* [Doc. 23]. Absent any argument from Plaintiff suggesting otherwise, the court reaches the same conclusion here as it did with respect to Plaintiff's diligence: Plaintiff knew of the potential need for neuropsychological testing on July 31, 2021—i.e., before discovery closed—or in November 2021, six months prior to filing the instant Motion. "Plaintiff has provided no explanation for [her] failure to move the Court for an extension when the need for an extension was foreseeable." *Spacecon*, 2010 WL 4823056, at *6. Due to these circumstances, this factor weighs against reopening discovery.

*__The Likelihood that Discovery Will Lead to Relevant Evidence__*.  Finally, the court concludes that this final factor is neutral. Generally speaking, "relevance" has a broad definition, and additional discovery into Plaintiff's current condition or prognosis may lead to relevant evidence. *Id.* However, the court is unable to conclude that this factor weighs in favor of reopening discovery due to Plaintiff's failure to clearly ascertain the exact discovery she seeks and what exactly she believes the discovery will reveal. *See generally* [Doc. 23]. Simply put, the court cannot ascertain whether this factor weighs in favor of reopening discovery without knowledge of

15

the scope of Plaintiff's requested discovery. And, in any event, the fact that discovery "is likely to lead to at least some relevant evidence does not outweigh the other factors—especially Plaintiff's lack of diligence, the most important factor." *Auge v. Stryker Corp.*, No. 14-cv-1089 KG/SMV, 2020 WL 5074320, at *7 (D.N.M. Aug. 26, 2020). Accordingly, the court finds that this factor is neutral.

On balance, the weighing of the above factors does not warrant reopening discovery at this time. Accordingly, the Motion is **DENIED** insofar as it seeks to reopen discovery and amend the Scheduling Order. Should Plaintiff still seek leave to amend the Scheduling Order and reopen discovery, she may file a renewed motion on or before **June 6, 2022**, after a robust meet and confer with Defendant. **The court will not substantively consider any motions to reopen discovery after this deadline.** Any renewed motion **SHALL** set forth the specific parameters of the requested discovery and **SHALL** comply with all applicable Federal and Local Rules. In addition, if Plaintiff does indeed file a renewed motion to reopen discovery, Defendant is **ORDERED** to file a response to such motion within the timeframes set forth under the Local Rules, absent further order of the court.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) Plaintiff's Renewed Opposed Motion to Continue Trial and to Amend the Scheduling Order [Doc. 23] is **GRANTED in part** and **DENIED without prejudice in part**, as set forth in this Order;

(2) The four-day jury trial set to commence on June 13, 2022 is **VACATED** and **RESET** to commence on **February 27, 2023**;

(3) The Trial Preparation Conference set for June 6, 2022 is **VACATED** and **RESET**

        for **February 16, 2023** at **10:00 a.m.** in Courtroom A-502, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294;

(4)   If Plaintiff wishes to seek reasonable accommodations to ensure her meaningful participation in the trial, should Plaintiff's condition not fully approve, any motion requesting such accommodations shall be filed no later than **January 6, 2023**, and only after a robust meet and confer with Defendant;

(5)   Discovery in this case **REMAINS CLOSED**;

(6)   Any renewed motion to reopen discovery shall be filed no later than **June 6, 2022**. **The court will not substantively consider any motions to reopen discovery filed after this deadline.** If a renewed motion is filed, Defendant **SHALL** respond to the motion within the timeframes permitted by the Local Rules, absent further order of the court.

DATED: May 6, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge